IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> ALAN VALDEZ; PRECISION TRIM AUTO LLC; JASMINE FLAMAND; VERONICA VALDEZ; ZACHARY WALLIS; SHAWNA WILDER; SCOTTSDALE INSURANCE COMPANY; and DOES 1-5, <br><br> Defendants. | CV 16-164-BLG-TJC <br><br> **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff has filed Motions for Entry of Default Judgment against Defendants Alan Valdez (Doc. 43); Precision Trim Auto, LLC ("Precision Trim") (Doc. 44); and Veronica Valdez (Doc. 45). This is a declaratory judgment and interpleader action arising from a motor vehicle accident. (Doc. 20.) Plaintiff seeks a declaration as to the rights and obligations of the insurers involved, and equitable distribution of any available insurance proceeds. (*Id.*)

## I.  DISCUSSION

### A.  Jurisdiction

Before addressing the merits of Plaintiff's motions, the Court must consider whether it has jurisdiction over both the subject matter and the parties. *In re Tuli*,

172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

Plaintiff alleges subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332.[1] The Court finds it has subject matter jurisdiction over this action. The amount in controversy exceeds the $75,000 threshold and complete diversity is present. Plaintiff is an insurance company organized under the laws of Delaware, and has its principle place of business in Texas. (Doc. 20 at ¶ 4.) Defendant Precision Trim is a citizen of Montana with its principle place of business in Montana. (*Id.* at ¶ 5.) Defendants Alan Valdez, Veronica Valdez, Jasmine Flamand, Zachary Wallis, and Shawna Wilder are citizens of Montana. (*Id.* at ¶¶ 6-10.) Defendant Scottsdale Insurance Company is a citizen of Ohio. (*Id.* at ¶ 11.) Further, the Court finds personal jurisdiction exists over Defendants. Defendants Precision Trim, Alan Valdez and Veronica Valdez are Montana citizens who were personally served with process in Montana. (Docs. 11, 12, 23.)

---

[1] Plaintiff also alleges subject matter jurisdiction based on the Federal Interpleader Act, 28 U.S.C. § 1335. It is not clear, however, that the jurisdictional requirements under § 1335 are satisfied. Although Plaintiff has issued a policy of insurance with a value of $500 or more, none of the adverse claimants are diverse. All of the parties who may have a claim to the insurance proceeds are citizens of Montana. (*See* Doc. 20 at ¶¶ 5-10.) Further, Plaintiff has not deposited the insurance proceeds at issue into the registry of the Court.

Defendants Jasmine Flamand, Zachary Wallis, Shawna Wilder and Scottsdale Insurance Company have answered and did not assert lack of personal jurisdiction as a defense. (Docs. 21, 22, 28.)

### B. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. Default judgment is available as long as the plaintiff establishes the defendant has been served with the summons and complaint, default was entered for the defendant's failure to appear, and the defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default judgment is within the trial court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in the complaint, except those relating to damages, are deemed admitted. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where the amount of damages claimed is a

liquidated sum or capable of mathematical calculation, the Court may enter a default judgment without a hearing. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the Court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. *Transportes Aereos De Angola v. Jet Traders Invest. Corp.*, 624 F. Supp. 264, 266 (D. Del. 1985).

Here, Plaintiff sufficiently demonstrates that default judgment is available under Rule 55(b). Plaintiff previously submitted declarations that Defendants are neither minors nor incompetent persons. (*See* Docs. 15 at 5, ¶¶ 7; 25 at 2. ¶ 6; 29 at 2, ¶ 6.) Furthermore, Defendants have been served with the summons and complaint. (Docs. 11, 12, 23.) Default was entered for Defendants' failure to appear. (Docs. 17, 26, 30.) To date, Defendants have not appeared in this action.

Further, the Court finds the factors enumerated in *Eitel* weigh in favor of entering default judgment against Defendants. First, Plaintiff would suffer prejudice if default judgment is not entered because the appearing parties have negotiated a settlement of Plaintiff's coverage and interpleader claims, including an equitable distribution of the agreed-upon insurance policy limits, and resolution of all other related claims. (*See* Doc. 46.) Plaintiff would also suffer prejudice because it would be denied the finality of a judgment protecting it from the risk of exposure to multiple future claims.

The second and third factors also weigh in favor of default judgment. These two factors, considered together, require Plaintiff to "state a claim on which [it] may recover." *Pepsico, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Here, because there are issues regarding the rights and obligation of the insurers under their policies, and because multiple parties could be entitled to the insurance proceeds, Plaintiff has properly stated a claim for declaratory relief and interpleader.

The fourth factor is neutral because the only claim for relief against Defendants is for declaratory judgment. But the fifth and sixth factors also weigh in favor of default judgment. Because default was entered against Defendants pursuant to Rule 55(a), the facts alleged in the Amended Complaint have been accepted as true. There is no indication that any material factual dispute exists. Nor is there any indication that Defendants' failure to appear was the result of excusable neglect.

Under the seventh factor, the Court must consider the strong policy favoring decisions on the merits. Here, however, the appearing parties have negotiated a settlement of this action. The Ninth Circuit has recognized there is a strong public policy favoring settlement of cases whenever possible. *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988). Thus, in the circumstances of this case, the Court finds this factor does not weigh against default judgment.

Finally, the Court finds it is not necessary to hold a hearing regarding damages, or require Plaintiff to file an affidavit providing evidence for damages, because the only claim for relief against Defendants is declaratory judgment.

## II. CONCLUSION

In light of the foregoing, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion for Entry of Default Judgment against Alan Valdez (Doc. 43) be **GRANTED**;

2. Plaintiff's Motion for Entry of Default Judgment against Precision Trim Auto, LLC (Doc. 44) be **GRANTED**; and

3. Plaintiff's Motion for Entry of Default Judgment against Veronica Valdez (Doc. 45) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 16th day of April, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge